1  McGREGOR W. SCOTT
United States Attorney
2  DAVID W. SPENCER
Assistant United States Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
United States of America
7

8
IN THE UNITED STATES DISTRICT COURT
9
EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | CASE NO.  2:19-CR-0136-MCE |
| 12                              Plaintiff, | STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING JUDGMENT & SENTENCING HEARING; ORDER |
| 13                              v. | |
| 14  OSCAR LOPEZ-VALDIVIA, | DATE: July 9, 2020 |
| 15                              Defendant. | TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |

16

17                                              **BACKGROUND**

18          The Indictment in this matter charges defendant Oscar Lopez-Valdivia with conspiracy to

19  manufacture at least 1,000 marijuana plants (Count One), manufacture of at least 1,000 marijuana plants

20  (Count Two), and depredation of public lands and resources (Count Three).  ECF No. 11.  On October

21  10, 2019, Defendant pled guilty to Counts One and Three, pursuant to the parties' written plea

22  agreement.  ECF Nos. 16, 19.

23          On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act

24  ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief

25  District Judges to authorize sentencing by video or telephonic conference when 1) such hearings "cannot

26  be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district

27  judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be

28  further delayed without serious harm to the interests of justice."  *Id.*, Pub. L. 116-23 § 15002(b)(2).

STIPULATION REGARDING JUDGMENT & SENTENCING                1
HEARING

1    On March 29, 2020, the Judicial Conference of the United States made the findings required by

2 the CARES Act, concluding that "emergency conditions due to the national emergency declared by the

3 President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to . . . [COVID-

4 19] have materially affected and will materially affect the functioning of the federal courts generally."

5    On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the

6 findings required by the CARES Act:  "[F]elony pleas under Rule 11 of the Federal Rules of Criminal

7 Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be

8 conducted in person without seriously jeopardizing public health and safety."  On June 29, 2020, the

9 Chief Judge of this District, per General Order 620, reaffirmed these findings and authorized

10 videoconferencing under the CARES Act for another 90 days.  Accordingly, the findings of the Judicial

11 Conference and General Orders 614 and 620 establish that sentencings cannot take safely take place in

12 person.

13    In order to authorize sentencing hearings by remote means, however, the CARES Act—as

14 currently implemented by General Order 620—also requires district courts in individual cases to "find,

15 for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without

16 serious harm to the interests of justice."  General Order 620 further requires that the defendant consent

17 to remote proceedings.  Finally, the remote proceeding must be conducted by videoconference unless

18 "videoconferencing is not reasonably available."  In such cases, district courts may conduct hearings by

19 teleconference.

20    The parties hereby stipulate and agree that each of the requirements of the CARES Act and

21 General Order 620 has been satisfied in this case.  They request that the Court enter an order making the

22 specific findings required by the CARES Act and General Order 620.  Specifically, for the reasons

23 further set forth below, the parties agree that:

24    1)    The judgment & sentencing hearing in this case cannot be further delayed without serious

25 harm to the interest of justice, given the public health restrictions on physical contact and court closures

26 existing in the Eastern District of California and the large and growing backlog of criminal and civil

27 cases in the District; and

28

STIPULATION REGARDING JUDGMENT & SENTENCING
HEARING

2

1    2)    The defendant waives his physical presence at the hearing and consents to remote hearing

2  by Videoconference.

3                                            **STIPULATION**

4        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6        1.    The Governor of the State of California declared a Proclamation of a State of Emergency

7  to exist in California on March 4, 2020.

8        2.    On March 13, 2020, the President of the United States issued a proclamation declaring a

9  National Emergency in response to the COVID-19 pandemic.

10       3.    In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and

11  other public health authorities have suggested the public avoid social gatherings in groups of more than

12  10 people and practice physical distancing (within about six feet) between individuals to potentially

13  slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact,

14  and no vaccine currently exists.

15       4.    These social distancing guidelines – which are essential to combatting the virus – are

16  generally not compatible with holding in-person court hearings.

17       5.    On March 17, 2020, this Court issued General Order 611, noting the President and

18  Governor of California's emergency declarations and CDC guidance, and indicating that public health

19  authorities within the Eastern District had taken measures to limit the size of gatherings and practice

20  social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to

21  commence before May 1, 2020.

22       6.    On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses

23  in the Eastern District of California to the public.  It further authorized assigned district court judges to

24  continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General

25  Order 612 incorporated General Order 611's findings regarding the health dangers posed by the

26  pandemic.

27       7.    On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial

28  emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low

STIPULATION REGARDING JUDGMENT & SENTENCING     3
HEARING

1    resources across its heavy caseload." The report accompanying the Judicial Council's declaration

2    analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the

3    District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in

4    weighted filings) and its shortage of judicial resources (the District is currently authorized only six

5    district judges; two of those positions are currently vacant). The report further explained that a backlog

6    of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings

7    of individuals.

8           8.     On April 17, 2020, General Order 617 issued, continuing court closures through June 1,

9    2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

10          9.     On May 13, 2020, General Order 618 issued, continuing court closures "until further

11   notice," and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

12          10.    Given these facts, it is essential that Judges in this District resolve as many matters as

13   possible via videoconference and teleconference during the COVID-19 pandemic. By holding these

14   hearings now, this District will be in a better position to work through the backlog of criminal and civil

15   matters once in-person hearings resume.

16          11.    The judgment & sentencing hearing in this case accordingly cannot be further delayed

17   without serious harm to the interests of justice. If the Court were to delay this hearing until it can be

18   held in-person, it would only add to the enormous backlog of criminal and civil matters facing this

19   Court, and every Judge in this District, when normal operations resume.

20          12.    The defendant in this case consents to proceed with his judgment & sentencing hearing

21   by Videoconference.

22          IT IS SO STIPULATED.

23

24

25    Dated:  July 6, 2020                          McGREGOR W. SCOTT
                                                    United States Attorney
26

27                                                  /s/ DAVID W. SPENCER
                                                    DAVID W. SPENCER
28                                                  Assistant United States Attorney

STIPULATION REGARDING JUDGMENT & SENTENCING          4
HEARING

Dated:  July 6, 2020                          /s/ OLAF HEDBERG
                                              OLAF HEDBERG
                                              Counsel for Defendant
                                              OSCAR LOPEZ-VALDIVIA


**ORDER**

1.      The Court adopts the findings above.

2.      Further, the Court specifically finds that:

        a)      The judgment & sentencing hearing in this case cannot be further delayed without

serious harm to the interest of justice; and

        b)      The defendant has waived his physical presence at the hearing and consents to

remote hearing by Videoconference.

3.      Therefore, based on the findings above, and under the Court's authority under § 15002(b)

of the CARES Act and General Order 620, the judgment & sentencing hearing in this case will be

conducted by Videoconference.

        IT IS SO ORDERED.

Dated:  July 7, 2020


_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE